**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | | |
|---|---|---|
| GIN UNITE LLC, | )' | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| FEDERAL TRADE COMMISSION, | ) | [Subpoena issued for *FTC v. Trudeau*, No. |
| | ) | 03-cv-03904 (N.D. Ill.) with compliance in |
| Respondent. | ) | Boise, Idaho] |

**GIN UNITE LLC'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO QUASH RESPONDENT'S DEPOSITION SUBPOENA**

The Federal Trade Commission ("FTC") demands that third-party GIN United LLC ("GIN") produce a 30(b)(6) witness on February 23, 2023 in Boise, Idaho. The February 13, 2023 subpoena making these demands arises from a case filed by the FTC nearly 20 years ago in the Northern District of Illinois captioned *FTC v. Trudeau*, No. 03-cv-03904 (N.D. Ill.) (the "*Trudeau* Action").

The subpoena calls for GIN to produce a witness in ten days to provide corporate testimony on four overbroad topics for the period 2012 to the present:

1. "GIN's relationship with Kevin Trudeau."

2. "GIN's assets and liabilities."

3. "Payments or benefits from GIN to Kevin Trudeau on his behalf."

4. "Control and management of GIN."

FTC essentially demanded a witness in ten days to provide binding testimony regarding nearly all of GIN's operations.

1

The FTC unilaterally set the February 23, 2023 date, refused to agree to a request from GIN's Boise, Idaho counsel to extend the compliance date to the subpoena, then refused to agree to a request from GIN's recently-retained national counsel (who had promptly served responses and objections to the subpoena) to extend the date to file the motion to quash. GIN was therefore forced to file this motion.

GIN asks the court to quash the Subpoena's demand that GIN produce a corporate witness on February 23, 2023 because it fails to allow GIN a reasonable amount of time to comply with its terms and subjects GIN to an undue burden. FED. R. CIV. P. 45(d)(3)(A)(i) and (iv).

## BACKGROUND

The *Trudeau* Action has been ongoing since 2003 and relates to the FTC's allegations that defendant Kevin Trudeau engaged in deceptive advertising practices. There are over 1,000 docket entries for the case. The litigation currently appears focused on determining the extent of Mr. Trudeau's ability to pay contempt sanctions assessed against him. Specifically, on January 26, 2023, the Court in the *Trudeau* Action scheduled an evidentiary hearing for March 9-10, 2023 "addressing in relevant part the assets that Mr. Trudeau allegedly controls or owns that he hasn't disclosed, either currently, or in the past." (ECF No. 1016.) [1] The FTC claims that the Subpoena at issue in part demands information that is relevant to that March 9-10 hearing.

The FTC served the Subpoena at issue on GIN on **Monday, February 13th**. The Subpoena demanded that GIN produce documents and communications responsive to about 30 requests (including subparts) dating as far back as January 1, 2012, including detailed financial

---

[1] All docket citations ("ECF No.") reference documents available on public docket for the *Trudeau* Action, which is captioned as *FTC v. Trudeau*, No. 03-cv-03904 (N.D. Ill.).

records. The FTC's requests sweep as broadly as possible—one request is for "all documents relating" to any GIN "financial account." And the requests also get at issues with no apparent connection to any financial relationship between GIN and Mr. Trudeau. The FTC, for example, seeks "all membership records" for GIN's business and information about "complaints." (Ex. 1, Schedule B.)[2] The Subpoena demands that GIN produce all such documents on **Monday, February 20, 2023**—a federal holiday, and just seven days (but only four business days) after service was effected. (Ex. 1)

The Subpoena also demands that GIN prepare and present a corporate witness for a Rule 30(b)(6) deposition on four vaguely-worded and broad topics on **Thursday, February 23, 2023**—just ten days after service. (Ex. 1, Schedule A.) The subpoena also seeks deposition testimony going back to January 1, 2012. The topics are also as broad as possible—one topic asks for a witness on GIN's "relationship" with Kevin Trudeau and another asks for a witness on "GIN's assets and liabilities." (Ex. 1, Schedule A.)

In sum, according to the Subpoena's terms, GIN would need to prepare and serve written responses and objections, gather, review, and produce documents and communications in response to overbroad requests, and prepare and produce a corporate witness to testify as to GIN's knowledge on four overbroad topics—all in just ten days from service of the Subpoena including the three-day weekend occasioned by the federal holiday. Rule 45 provides fourteen days just to respond to a subpoena. The FTC demands far more in less time.

GIN nevertheless took quick action in response. On Friday, February 17, 2023, local counsel for GIN informed the FTC that GIN was "actively working to obtain subject matter

---

[2] All exhibit citations are in reference to the exhibits attached to and authenticated by the Declaration of Ryan M. Sandrock ("Sandrock Decl.") filed contemporaneously herewith and in support of GIN's Petition to Quash.

counsel" in connection with the Subpoena and requested additional time to respond to the Subpoena "given the extremely tight timeframe for response and the extensive list of items requested." (Ex 2 (Feb. 17, 2023 email chain between H. Clarke and FTC attorneys).) The FTC refused to grant any extension, however, arguing that "the subpoenaed information bears upon an evidentiary hearing set for March 9" in the *Trudeau* Action. (Ex. 2) GIN retained undersigned counsel from Shook, Hardy & Bacon LLP later that day, who convened a phone conference with the FTC attorneys that same afternoon. (Sandrock Decl. ¶ 5.)

In a good-faith effort to comply with the extreme deadlines and in accordance with Friday afternoon's phone conference, on Monday, February 20, 2023, GIN served detailed Responses and Objections to the Subpoena and made an initial document production to the FTC. (Ex. 3 (GIN's Responses and Objections to the Subpoena); Ex. 4 (Feb. 20, 2023 service email to FTC).)

GIN's Responses and Objections stated that "the demand that GIN present a witness for deposition in response to this Subpoena on February 23, 2023" is "unreasonable, unrealistic, and in violation of FRCP 45, given that the Subpoena was served just ten days earlier—on February 13, 2023—and that it requires GIN to prepare a witness to testify as to the company's knowledge on this and other Topics beforehand" and noted that "the FTC unilaterally set the date and location of the deposition without meeting and conferring or agreeing with GIN." (Ex. 3 at 1.) The Responses and Objections also objected to the noticed Topics as vague, ambiguous, and overly broad relative to the needs of the case. (Ex. 3 at 3-6.) The Responses and Objections further made clear that GIN was willing to meet and confer with respect to the scope of the Topics and a more reasonable date for the deposition but reserved rights to file a motion to quash in the event that agreement was not reached. (Ex. 3)

On February 21, 2023, the FTC offered alternative dates (February 27, February 28, March 1, March 2, or March 3) for a deposition of GIN's corporate designee on the topics noticed in the Subpoena. (Sandrock Decl. ¶ 8.) GIN's Responses and Objections had noted, however, that the Topics were unduly burdensome relative to the needs of the case. (Ex. 3 at 3-6.) GIN and the FTC still had not had time to discuss these objections.

During another phone conference with the FTC later that day, GIN asked whether the FTC would agree to extend the February 23, 2023 deadline for GIN to file a motion to quash the Subpoena, so that the parties could continue discussing the scope of the Topics and possibly reach agreement without need for motion practice. The FTC refused to extend the deadline for GIN to file a motion to quash. (Sandrock Decl. ¶ 9.) Given the short time frame, GIN had to commit to an expedited deposition without an agreement (or even any real discussion) about its scope or file a petition to quash.

GIN has worked quickly and in good faith to meet the Subpoena's extensive demands on such a short timeline and is willing to continue so working. The FTC has refused to cooperate with respect to the Subpoena's unreasonable demands, however, and GIN cannot realistically meet those demands.

## <u>ARGUMENT</u>

This Court should quash the Subpoena's demand that GIN produce a Rule 30(b)(6) witness for deposition on the four Topics enumerated in Schedule A thereto on February 23, 2023 because the subpoena "fails to allow" GIN "a reasonable time to comply" with its terms and subjects GIN to an undue burden. FED. R. CIV. P. 45(d)(3)(A)(i) and (iv).

**A.    Courts *must* quash subpoenas that fail to allow the recipient a reasonable time to comply with its terms.**

FED. R. CIV. P. 45(d) protects subpoena recipients from unrealistic time frames and unduly burdensome demands. Among other things, Rule 45(d) instructs that "[o]n timely motion, the court for the district where compliance is required *must* quash or modify a subpoena . . . fails to allow a reasonable time to comply" with its terms. FED. R. CIV. P. 45(d)(3)(A)(i) (emphasis added). As the Rule's text makes clear, this is not discretionary; rather, "Rule 45 requires a court to quash a subpoena that . . . 'fails to allow a reasonable time to comply[.]'" *Stemmelin v. Matterport, Inc.*, No. C20-04168, 2023 WL 411354, at *2 (N.D. Cal. Jan. 25, 2023) (concluding that "the Court cannot uphold a subpoena that directs an unidentified corporate designee to appear next week").

**B.    The Subpoena does not allow GIN a reasonable time to comply with its deposition demand.**

The Subpoena plainly "fails to allow a reasonable time to comply" with its deposition terms. FED. R. CIV. P. 45(d)(3)(A)(i). As noted above, the Subpoena demanded that GIN produce documents on February 20, 2023—a federal holiday, and just seven days after service was effected. (*See* Ex. 1, Schedule B.) The Subpoena's additional demand that GIN prepare and present a corporate witness for a Rule 30(b)(6) deposition on four broad topics on February 23, 2023 (Ex. 1, Schedule A)—just ten days after service—is unworkable and unfair to GIN, particularly so in light of the extensive and burdensome document demands GIN also must sift through and meet concurrently.

Courts routinely quash subpoenas purporting to impose such unreasonable timelines. *See, e.g.*, *Stemmelin*, 2023 WL 411354, at *1-2 (granting motion to quash because "the Court cannot uphold a subpoena that directs an unidentified corporate designee to appear next week and lay a foundation for 155 trial exhibits," noting that such would "require [subpoena recipient] to pore

6

over thousands of pages" beforehand); *Howmedica Osteonics Corp. v. Schilling*, No. 22-mc-00068-CMA, 2022 WL 2753432, at *2 (D. Colo. July 14, 2022) (four-day period unreasonable as to subpoena compelling production of documents only); *United States v. Christensen*, No. CR-14-08164-PCT-DGC, 2020 WL 6545135, at *2 (D. Ariz. Nov. 6, 2020) (same); *Dixon v. Greyhound Lines, Inc.*, No. 13-179-JWD-RLB, 2014 WL 6474355, at *4 (M.D. La. Nov. 19, 2014) (finding subpoena "unreasonably gave [recipient] only 9 days to comply" with subpoena that required production of documents only); *Hall v. Louisiana*, 12-657-BAJ-RLB, 2014 WL 1652791, at *13 (M.D. La. Apr. 23, 2014) (holding that subpoenas that "required the third parties to appear and produce documents" in "as little as 9 days" and "at most 12 days to respond" were "clearly unreasonable, particularly when the 14-day period for serving objections under [Rule 45(d)(2)(B)] is generally considered a reasonable time"); *Hernandez v. City of Corpus Christi*, No. C-10-186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (quashing subpoena duces tecum that allowed 10 days for compliance); *Thomas v. IEM, Inc*, No. 06-886-B-M2, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (deadline of 15 days was unreasonable)

The short time period for compliance—less than fourteen days as noticed—is particularly inappropriate given the breadth of the topics, as set forth in more detail below. The FTC is not seeking testimony on a narrow issue regarding a set of identified documents but is leaving open the possibility that it will question GIN regarding anything related to GIN's "assets and liabilities" or "relationship" with Kevin Trudeau.

### C. The Subpoena Imposes An Undue Burden on GIN.

The subpoena also should be quashed because it is overbroad, no matter when the deposition takes place. GIN anticipates that the FTC will argue that its last-minute offer of alternative dates bars this motion. This misses the point, however, because the FTC and GIN had not had a chance to meet and confer about the scope of the topics for any deposition, all of which

7

are impermissibly vague and broad relative to the FTC's actual needs in the case. (*See* Ex. 1,

Schedule A (listing four vague and broad Topics: "GIN's relationship with Kevin Trudeau,"

"GIN's assets and liabilities," "Payments or benefits from GIN to Kevin Trudeau or on his

behalf," and "Control and management of GIN").) The FTC has not narrowed these topics.

The topic "GIN's assets and liabilities," for example, shows no effort by the FTC to

comply with Rule 45(d)'s mandate that the issuing party "take reasonable steps to avoid

imposing undue burden or expense" on the receiving party. Instead, the FTC issued the broadest

topic possible (as it also did with the "relationship with Kevin Trudeau" topic) so it could ask

any question it wants on almost any issue in a corporate deposition on short notice. The potential

scope of this topic could be even broader considering that the FTC also requested that GIN

produce "all documents" regarding "any financial account" prior to the deposition. (*See* Ex. 1,

Schedule B.)

The relevance of these topics to the March hearing is also not clear—and it is that

upcoming hearing which the FTC cites as the reason why GIN must comply now. The March

evidentiary hearing relates to "the assets that Mr. Trudeau allegedly controls or owns that he

hasn't disclosed, either currently, or in the past." (ECF No. 1016.) The Topics are not tailored to

that subject; rather, some appear to seek information about GIN exclusively and unrelated to Mr.

Trudeau. For example, the topic "GIN"s assets and liabilities" covers all of GIN's finances, not

just payments made to Mr, Trudeau. (*See* Ex. 1, Schedule A.) The FTC's document requests

similarly overreach, seeking information far beyond GIN's finances, including requests for

information regarding any complaints regarding GIN's operations. (*See* Ex. 1, Schedule B.)

The fact that some part of the hearing relates to whether Trudeau has assets at GIN does

not justify the FTC's requests for almost everything about GIN.  And any requests to GIN should

take into account that GIN is a third-party. *Nelson-Ricks Cheese Co. v. Lakeview Cheese Co.,* No. 4:16-CV-00427-DCN, 2017 WL 4839375, at *3 (D. Idaho Oct. 26, 2017) ("Third party subpoenas are also quite intrusive. The Court does not like to burden third parties unless absolutely necessary."); *Rocky Mountain Medical Management, LLC v. LHP Hosp. Group, Inc.*, No. 4:13-cv-00064-EJL, 2013 WL 6446704, at *5 (D. Idaho Dec. 9, 2013) (stating that non-party status is not alone sufficient to bar discovery but noting that the "Court gives weight" to non-party status when evaluating burden).

Here, the Topics do not put GIN on reasonable notice as to what information actually will be sought at the deposition. Therefore, even with a few additional days, it will be impossible for GIN to prepare a designee to testify as to all facts that might relate to the topics—particularly given the document requests GIN must address concurrently. The FTC's attempt to force a deposition on such a truncated timeline on four sprawling topics thus unduly burdens GIN.

Finally, any timing issue appears to be of the FTC's own making. The FTC has refused to cooperate with GIN with respect to the deposition because, it claims, "the subpoenaed information bears upon an evidentiary hearing set for March 9" in the *Trudeau* Action. (Ex. 2.) On February 10, 2023—just three days before the FTC served the Subpoena on GIN—the defendant in the *Trudeau* Action moved the Court to "postpone" the evidentiary hearing set for March 9 "by four weeks." (*See* ECF No. 1032 at 3.) On February 15, 2023—two days after serving the Subpoena on GIN—the FTC opposed the defendant's request to reschedule the evidentiary hearing. (*See* ECF No. 1036.) The next day, on February 16, 2023, the Court sided with the FTC and denied the defendant's request, leaving the March 9-10 dates in place. (*See* ECF No. 1039.)

The FTC thus knew that it would require the subpoenaed information from GIN in advance of the evidentiary hearing before filing its opposition to the defendant's rescheduling request. The FTC nevertheless advocated for a hearing date that it itself apparently cannot meet without imposing a substantial burden on non-parties. Non-party GIN should not be forced to accede to such unreasonable demands simply because the FTC is under time pressure to meet a tight deadline that it chose for itself.

## CONCLUSION

For all of the foregoing reasons, GIN respectfully requests that the Court quash the Subpoena's deposition demand.

Dated: February 22, 2023                      Respectfully submitted,

                                              **GIN UNITE LLC**


                                      By:     */s/ Joshua J. Leonard*
                                              Joshua J. Leonard

                                              Joshua J. Leonard
                                              Clark Wardle LLP
                                              251 E. Front Street, Suite 310
                                              Boise, ID 83701
                                              Tel: (208) 388-1000
                                              jleonard@clarkwardle.com

                                              Ryan M. Sandrock*
                                              SHOOK, HARDY & BACON L.L.P.
                                              555 Mission Street, Suite 2300
                                              San Francisco, CA 94105
                                              Tel: (415) 544-1900
                                              rsandrock@shb.com

Gary M. Miller*
Ian Hansen*
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
gmiller@shb.com
ihansen@shb.com

*Pro hac vice submissions forthcoming*

**Attorneys for Petitioner GIN Unite LLC**

11

<u>**CERTIFICATE OF SERVICE**</u>

I, Hethe Clark, an attorney, hereby certify that on **February 22, 2023,** I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA** to be filed electronically. Notice of this filing will be sent through the Court's CM/ECF system to counsel of record.

Crystal D. Ostrum
Federal Trade Commission
600 Pennsylvania Avenue, NW CC-9528
Washington, DC 20580
costrum@ftc.gov


 *_/s/ Joshua J. Leonard_____*
Joshua J. Leonard

12